The next case this morning is 521-0011, People v. Palacio. Arguing for the appellant is David Lawarchuk. Arguing for the appellee is Jamie Bella. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. May it please the court. You may proceed, Mr. Lawarchuk. Good evening, counsel. Your Honors, this case comes here today from an incident occurring in July of 2019 where my client was accused and convicted after a jury trial of entering a dwelling, an apartment in Carbondale, kicking down a door while he was pursuing another individual nicknamed Cloudy and he had a gun. He was convicted and sentenced to 27 years for home invasion, six years for being a firearm with a felon, and six years for criminal damage for property to run concurrently. This case on appeal involves the Sixth Amendment right to counsel. In particular, it involves three aspects of the Sixth Amendment right to counsel. The right to counsel that is conflict-free, the right to effective assistance of counsel, and the right to counsel of choice. The right to counsel, as the Supreme Court of the United States and the Illinois Supreme Court has recognized, is paramount among all of the—pervasive, rather, among all of the other rights are exercised to criminal defendants. In regards to the right to counsel of choice, the United States Supreme Court, as well as the Illinois Supreme Court, has said that right is at the root of the Sixth Amendment. Here, for that reason, I'm going to start out with that prong of the Sixth Amendment, that is, the right to counsel of choice. The facts underlying why the Sixth Amendment counsel of choice was infringed come about from the day of and the day after, the second day of trial. When it—what happened was that there was a continuance requested by defense counsel to investigate a new defense. Prior to that day, the defendant had been—had been proceeding with a defense indicating that he had an alibi at Applebee's. He was working on the day of the—or on the incident. However, the defendant changed his story on that day, according to counsel, and counsel needed continuance to investigate that. That's kind of the crux of the issue, isn't it, Mr. Warczyk? The defendant—this is—this conflict is kind of a product of the defendant's own creation. He gave an alibi, said, I was at Applebee's, and then on the eve of trial, he says, cloudy did it, I was there, and I saw him. So, I mean, the defendant, last minute, created this situation, did he not? I mean, I'm not—I'm not saying what the trial court did was great, but the trial court is kind of painted into a corner by the way the defendant's behavior was, was he not? Well, you know, we really don't know because the defendant wasn't examined, which is required under People v. Adams, People v. Jenkins, as well as the Fifth District Court case, and People v. Basler. He never did that, never made a finding of a delay, and he didn't actually inquire into the circumstances why a defendant wanted a continuance to hire a new lawyer, both of which are required. The test is disjunctive, rather, or conjunctive, rather, I should say. If either of those requirements are not met, then the Sixth Amendment right to counsel by choice is violated, and it's considered an absolute reversal. It's not a harmless error analysis. If both of those requirements are met, then the court can proceed to whether or not there's a counsel that is ready and willing and able to take over the case, but you never get to that analysis unless those first two of the three factors are met, and here, that just wasn't met. I mentioned a couple cases previously that were on point, but I think one case in particular that informs the present is People v. Adams. There, as here, on the day of trial, the defendant requested a continuance to hire private counsel. The trial court, without inquiring into the reasons, denied that request because it was made on the day of trial with witness officers present. The appellate court reversed holding even though the defendant's lawyer didn't, I'm sorry, the defendant didn't name the new lawyer by name. There was no finding of a delay tactic, and as stated before, that's one of the requirements in order to overrule or deny that right to counsel of choice. The Adams court emphasized that either the failure to make a delay finding or in inquiring in efforts to obtain new counsel required reversal, either one. People v. Tucker, same facts, day of trial, the lawyer, I'm sorry, defendant asked for a new lawyer, which, of course, the state objected to under the grounds that it undermined the efficient administration of justice, and also the trial court inquiry showed that there was no new counsel that could be named that was ready and willing to take over. Nevertheless, because of the lack of inquiry into the circumstances and purposes of the reversal, there, as here, defendant had not requested any prior continuances, there was no indication that the defendant's family could not afford the identified lawyer, just as in the present case, and there was no indication that, well, there was no inquiring of whether defendant's actions stem from a motivation to delay. I think it's key here, too, that the defendant wanted to actually address the court as to his reasons, but he was shut down by the court. The court said that you have a lawyer that can address this issue, so you can't speak. So the court actually did the antithesis of what's called for under People v. Tucker, People v. Adams, as well as this court's precedent regarding inquiring into the defendant's motivations for a new lawyer. Where do you cite, Tucker? Are you relying on the fact that the appellant or the appellee cited Tucker? Because I don't see it listed as one of your cases. People v. Tucker, where do I cite it? Well, I don't remember if I have it. I know it's in my brief. Also, the only reason given by the trial court here was that there was no appearance filed. That was it. He said he considered the arguments of counsel, and there was no appearance by the proposed counsel. But under People v. Tucker and the Illinois Supreme Court case, People v. Green, the lack of an appearance by a proposed lawyer does not constitute sufficient grounds to deny continuance to obtain new counsel. Regarding some of the state's bones of, I'm sorry, rebuttals, they said that the counsel that the lawyer here discussed with his client multiple times his right to testify. The problem is that counsel wasn't in a position to offer untainted advice. Because if he was called to testify, if he did give his testimony, and if it was contrary at all to what had been previously said, then the counsel's statement could be presented as impeachment evidence. So then what does the lawyer do under those circumstances? Does he call himself as an Mr. Palacio, examine him? So really, not only the Sixth Amendment right to counsel, but the right to testify was infringed here because Mr. Palacio was facing this no one situation where if he did testify, he may well have to face his own lawyer's impeachment statement. Then what does the lawyer do in closing statement? Does he refute his own statement? Does he say Mr. Palacio was lying? It really creates an untenable and absurd result. I mean, really, what this case is about is a client saying that he wants a new lawyer under the Sixth Amendment right to new counsel. And the lawyer said on the record that he did not think for the life of him, he could represent him, that he was the defendant's accuser, and that he did not think he could represent him zealously. He said this on the record. If the Sixth Amendment means anything, it means that under those circumstances, the defendant gets a new lawyer. Thank you. Thank you. Questions, Justice Cates? No, thank you. Thank you. Justice Barberas? No, thank you. We'll be giving you an opportunity for a bottle in a moment. Mr. Lubarczyk. Ms. Bella for the epiline. Ready to proceed? I am, Your Honor. All right, you may do so. Good morning, Your Honors. May it please the court. My name is Jamie Bella, and I'm here on behalf of the people of the state of Illinois. As counsel pointed out, the Sixth Amendment issue with regard to counsel and the way that this transpired is, in his initial brief, has separated into two separate parts. I think they, because of the way the analysis goes forward and the circumstances here, arguments 1A and B in the brief are kind of, they cross over in significant portions. So I think that it's easiest to kind of address them together. And especially in light of the defendant's reply brief and the way that the two arguments kind of come together, that it's really easiest to analyze this particular circumstance under a general, whether there was a conflict of interest that was resolved by the court, and then whether the defendant's motion to have new, or for a continuance in order to hire new counsel was then wrongfully denied. So turning to the first question is regarding the court's handling of whether there was a conflict of interest when counsel initially had said that he wanted to withdraw from the case on that ground. And as I outlined in my brief, the defendant's, or the conflict of interest analysis begins with first determining the type of conflict. So there's two different types. There's the per se conflict of interest, which occurs in three circumstances, and those are when counsel has a prior contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution. If neither of those three circumstances exist, then the other option is whether there's an actual conflict of interest, and that exists where the defendant identifies a specific deficiency in his counsel's strategy, tactics, or decision that are made, that are attributable to the alleged conflict. The state's position is that there's no per se conflict of interest because none of these three circumstances exist in this case. There was no prior contemporaneous association because the state in the trial court specifically said that they had no intention of calling counsel as a witness in the event the defendant were to take the stand and give contrary testimony. And any possibility that counsel could be called despite the state's express proclamation that they were not going to call the counsel, that presents a potential future conflict, which is the type of situation that kicks the analysis into the actual conflict rather than per se. Under the actual conflict analysis, whether the situation constitutes reversible error depends on whether the court was apprised in a reasonable time regarding the potential for a conflict and took steps adequate to ascertain whether the risk of conflict was too remote to warrant separate counsel. And then if the court does not take those steps, then reversal is actual conflict is indicated. So the state's position is that the court clearly, I think that it's clear in the way that the conflict came about, is that the court was apprised as it was unfolding. So that began with counsel's initial disclosure because as counsel pointed out in his potential other offender for the state to investigate and he had just heard about it that morning. So in seeking the initial continuance, counsel was asking to change the theory of the defense. And because the defendant had given this indication that he saw this crime take place, his alibi defense then at that point was no longer valid and counsel couldn't proceed under that alibi defense. So as the court was watching this unfold and it became more of a conversation about counsel's statements on the record, that all unfolded in front of the court. So even though there wasn't an express motion brought to the court indicating that there was a potential for a conflict because the court was involved in the you know was aware of the potential for conflict. Obviously this court's not going to condone a defendant taking these positions as he did. But are you not troubled by the fact that the trial judge told the defendant if you testify I'm going to let the state call your attorney to tell the jury that you lied? The court's response was that that counsel would not be called or the state's would allow the transcript to be brought forward as impeachment evidence but he was not going to allow the state to use the statements in its case in chief as substantive evidence. The court was going to allow it though. The state may have said we won't call defense counsel but the court was going to allow that. I don't think the court ruled on that. The ruling was that the state's motion to use it as substance evidence, substantive evidence was denied and counsel's motion for a continuance was denied. And then as the conversation proceeded the state then asked if they could use, so then they then he asked later was the court withholding ruling on the motion for transcripts and the court said that the transcripts could be produced and used as impeachment evidence. And then later when this when the conversation turned to whether the state would be allowed to call the attorney, a defense counsel, the state said that they were not going to and the court acknowledged that. Well it seems like the effect would be the same if you're going to put in a transcript in front of the jury that defense counsel told the court my client lied about an alibi that the effect is going to be the same. Yeah I agree that that would be a troubling circumstance but I think that in the way that this fits into the conflict analysis is whether so even if this court decides that that did not cure the conflict because of this future potential conflict arising where the state impeaches the defendant it rests on defendant taking the stand and giving that testimony but under so what would happen in that circumstance and this is where it gets a little bit difficult I think is because because the defendant's advice to not take the stand to testify was it was not related so much to whether there was a conflict here it was related to and it wasn't something that fits into this context because once defendant regardless of the disclosure to the court once the defendant told his attorney that his alibi defense was a fabrication his attorney could not then put the defendant on the stand and elicit that testimony so essentially what would have to happen is under the rules of professional conduct which I think the transcript makes it pretty clear that counsel had no intention at all of trying to elicit testimony from his client about a fabricated alibi defense so in order to get to the stage of the situation where that actual conflict would actually be implicated where the defendants on the stand being impeached with counsel's disclosure because of the way that this transpired counsel couldn't put him on the stand without violating the rules of professional conduct by trying to elicit testimony he knew to be false from his defendant in court and that wasn't brought about by the just the counsel's disclosure to the court but by the defendant's disclosure to his counsel so I think that that's where the two things kind of divide once the defendant told his attorney that his alibi defense was a fabrication then there was at that point the decision was made that he could not put the defendant on the stand and elicit a false alibi defense so I think that that branch of it becomes more of a question of whether that potential for a conflict actually exists and in this circumstance the state's position is that it does not if the defendant did take the stand against the advice of counsel he would have had to give a narrative testimony without the help of counsel and at that point his if so it becomes a lot more complicated than just the the straight question of whether it could happen because the way that it transpired makes a lot of different possibilities more than just this disclosure to the court um and then I I see that I'm very close to my time I did want to address quickly um the the Adams case is very distinct from this case because in that case the argument is that the court did not make an appropriate inquiry into the reason for the the desire for new counsel but again there was no need for an inquiry here I think the transcript is very clear that the court was well aware of the circumstances compelling him for so doing the the these uh opinions do require the court when it's established that the court's already aware to undertake some specific analysis um and so I think that the the the question of whether there was a um a no delay finding because of the way that the court was aware of what the circumstance was defendants attempt to get a different attorney who could elicit some false testimony from him would absolutely be considered a delay and so when the court denied it because there was no counsel that ready willing to enter an appearance um is not improper and with that I see that my time is run I the state would stand on any of the arguments not reached today that are as they're presented in the brief just to be clear everyone's in agreement that with regard to the legal account to the criminal damage to property that was really a misdemeanor not a felony and that's correct is that correct that's correct yes thank you other questions justice kate's uh my only question is um there seems to be um with regard to your last question justice one whether we remand for resentencing and subsequent correction of the minimus or whether we enter a sentence what is the state's position on that uh the state's position is essentially because this is not a um it's not where the sentencing order incorrectly reflects an accurate finding or judgment by the court it's an accurate reflection of an incorrect judgment and in that circumstance it would require um an actual resentencing on that so um I I think though you know I think that we're definitely in agreement that it's it's an improper sentence and and it is um it absolutely has to be corrected but I think that because of the way that it ended up on the order was not the product of some kind of clerical order or clerical error that it has to be remanded um but but again the state has has no quarrel at all with the with the notion that is an incorrect I think it's absolutely incorrect and I think that um it was an oversight by everybody Miss Bella I'm just looking for a simple answer the simple answer is that this court would amend count two from class four to a class a misdemeanor and then we would remand for resentencing yes yes that's correct that's I think that's I think that's the appropriate procedure given the way it is uh the way it was entered okay thank you so much just barbarous questions uh no you guys both touched on the only question I had so thank you Mr. Larchick rebuttal evidence rebuttal argument sorry thank you your honor uh I would like to address the state's position regarding people versus Adams that if the court is aware of the circumstances uh regarding why the defendant wants a new new lawyer actually this if if the defendant is if the court is aware of the circumstances as to whether there was a delay occurring or not as attributed to defendant in those cases there wasn't the lawyer wasn't in a position where he was um his client's accuser and that is the lawyer's own words he refers to himself as his client's accuser so it seems to um strain cajolity that the lawyer in this circumstance can represent to the court whether or not the delays here are attributable to some improper motive and the defendant should have been given an opportunity to address that and he wasn't the state specifically rejected that I'm sorry the the judge specifically rejected his attempt to address the court regarding why he wants a new lawyer and any other circumstances were just left guess and also as I stated before in Adams and and Tucker as well as the Fifth Circuit case I mentioned there does have to be a finding there has to be finding by the court that the request for the new lawyer was done as a result of a motivation to delay that is unequivocal it is in all three of those opinions um which did not happen here the only reason the judge gave on the record was that he there was an appearance no appearance had been entered which the Illinois Supreme Court has rejected as a as a reason for denying a continuance to get a new lawyer and then just briefly counsel did discuss that the conflict of interest regarding actual interest versus per se interest they noted that my arguments kind of blended the fact is you don't need to have a conflict of interest to have grounds to get a new lawyer that is one basis but the basis here that I think is evident from the record even if the defendant didn't say it is that his lawyer made made statements that no no client no defendant would want to under any reasonable circumstances want to move forward I mean if your lawyer's saying that they're your that he's your accuser that he can't represent you um fairly um I don't I don't know under any circumstances how that I mean he's facing three decades in prison how can he move forward under those circumstances with that lawyer how could you deny that request for a new lawyer it's um let's see I think also see oh in the brief at least they mentioned that it wouldn't have solved the problem if there was a new lawyer because it would have faced the same problems actually new lawyer would not have faced the same problems because a new lawyer could have called the old lawyer to it to address his statements also a new lawyer could have addressed the statements in the closing argument of the prior counsel um let's see oh um counsel there was a bit of a back and forth in the briefs regarding whether this case was pending for seven months or three months ultimately it doesn't matter because in people versus I can't remember it was people versus Tucker or people versus Adams it was a nine-month pendency so I don't think and it doesn't really I think it's a distinction without difference whether it's three months or seven months um the kid they also relied quite heavily on people versus Ramsey in their brief um but in that case um unlike this case uh the defendant had a record of being late to court he had a record of attempting to obtain new counsel previously and uh also the the court in that instance did a very thorough analysis of of why the lawyer I'm sorry why the defendant wanted a new um or his right to a new counsel could be denied he cited case law there was no delay finding um in our case was there wasn't um the Ramsey case uh really the or why he raised his alibi defense of the 11th hour it doesn't reveal that because the judge didn't ask for it which he is required to do in closing the sixth amendment gives us the right for advocates not accusers as Mr. Palacio's lawyer described himself thank you your honors thank you questions justice Cates no thank you justice Barbaros uh not really a question but I do know um you know in your reply brief uh you are are referring in your argument today and in your reply brief you do refer this case Tucker that was first cited by the uh the affilee um but uh I noticed that in reply brief you don't have a points and authorities or additional authorities and I know 341 j doesn't necessarily specifically require you have that but uh just for my personal preferences if you're gonna cite to a new case in your reply brief uh it makes it easier for me if you have that points and authorities so that I can look at that and see exactly what page you're referring to when you make the argument just for future reference all right thank you your honor I have noticed that in the fifth district the uh yeah that is a practice I noticed uh the appellate defender and the prosecutor's office they they do that and uh now the other districts I noticed do it as much but uh you must hold a lot of sway over the lawyers that district so oh yeah we get some that happen some that don't and like I said the rule doesn't specifically require it but uh when I when you first mentioned Tucker I didn't find it in your reply or in your initial brief I went to the reply brief and you didn't have that so then I had to page through it to find what that that section of your your argument just like it makes sense no yeah absolutely thank you all right as I said before we've read the briefs and consider your arguments we'll take the matter under advisement issue a decision in due course before we adjourn today Mr. Wartrick there was something that concerned the court on the 17th you filed a motion to continue and you alleged that there was a you had a case previously scheduled in Cook County that you didn't follow your motion to continue until eight days out and if you had a pre-existing case it seemed like that should have been brought to our attention ahead of time I'm not sure how an appellate court feels about being told a trial court setting takes precedence over our settings so we looked at it and it turns out your Cook County case is not set today is that correct you're absolutely right it's set tomorrow my um um the buck stops with me my my assistant scheduled it for accidentally on the calendar for today I thought it was at the same time it wasn't but I did absolutely have a doctor's appointment I didn't get that wrong but uh uh I guess I was just the case of trying to make trying to appear at all of the cases sometimes these cases in Cook County they're set out um you know two months in advance um so well I mean if you had filed a motion when this setting was first made over a month ago then we might have considered granting the continuance but when you file it eight days out and then we look into it and finds out you didn't have a case it that's kind of troubling so no I I understand and that was my uh that was my response that was my mistake uh that I miscalculated it and uh I apologize all right thank you just in case anything you want to say about that or just as barbarous nothing further no it's been addressed all right thank you as a matter of advisement issue a decision in due course